IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-351-F-4

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ALLEN BASS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court yesterday, 13 November 2012, for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the North Carolina State Bureau of Investigation. Defendant presented the testimony of the proposed third-party custodians, defendant's wife and mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in 2 counts of a 24-count indictment filed on 24 October 2012 as follows: conspiracy to manufacture, distribute, dispense, and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine beginning about January of 2006 and continuing up to and including 24 October 2012 in violation of 21 U.S.C. § 841(a)(1) and 846 (ct. 1); and possession of

pseudoephedrine with the intent to manufacture methamphetamine about 1 January 2006, and continuing up to and including about 25 January 2012 in violation of 21 U.S.C. § 841(c)(1) (ct. 12). The evidence presented at the hearing showed that the charges arise from a sophisticated conspiracy lasting for more than five years involving the production of over five kilograms of methamphetamine, arrangements with numerous people to obtain supplies for the production of methamphetamine, and the use of firearms to protect the methamphetamine production facility used. Defendant provided firearms to the conspiracy. He also sold .7 grams of methamphetamine in a controlled buy at an outbuilding on the same lot as his residence. Defendant is an active methamphetamine addict and routinely meets with people during the night at the outbuilding on his lot. His two minor children, wife, and mother live in the home on the same lot.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug- and gun-related nature of the offenses charged; the circumstances of the offenses charged, including the length of the conspiracy and the volume of methamphetamine it produced; defendant's criminal record, including 12 misdemeanor convictions, 1 probation revocation (albeit on technical grounds), commission of 5 misdemeanors while on probation, association with the alleged conspiracy during periods when he was on probation, accrual of additional pending state methamphetamine charges on 2

December 2011 based on alleged offense conduct in October 2011, and accrual of pending chop shop activity in March 2012 based on activity at the outbuilding on his property (half a chopped car was found there) on 7 December 2011 while on pretrial release for the foregoing pending state methamphetamine charges; the danger of continued drug- and gun-related offense conduct by defendant if released; defendant's active methamphetamine addiction and the manifest control it exerts over his activities; the unsuitability of the proposed third-party custodial arrangements due to the extent of the risk of danger presented by defendant and the presence of minors in the proposed custodial home; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. Of particular significance, defendant is having others involved in methamphetamine activity visiting his property regularly during the night notwithstanding the danger they present to his children, wife, and mother. His wife expressed deep frustration over her inability to compel defendant to return to a normal family life in the home. Defendant's willingness to expose his family to the dangers associated with methamphetamine activity demonstrates the extent to which he will go to support his addiction. This and the other evidence discussed above and in open court convinces that the court that there is no condition or combination of conditions it can impose that would reasonably assure the safety of the community or other individuals.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private

consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    This, the 14th day of November 2012.

                                                         James E. Gates
                                                         United States Magistrate Judge